UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDRA KORAJKIC, <br><br> Plaintiff, <br><br> - against - <br><br> SOBO & SOBO LLP and RAYMOND J. IAIA, in his individual and official capacities, <br><br> Defendants. | Case No.: 7:20-cv-02749-CS <br><br> **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

CATHY SEIBEL, District Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1.  With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential"

pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder:

2.  The Party or person producing or disclosing Discovery Material (each, "Producing Party"), which may include a nonparty to this litigation who produces or discloses Discovery Material either voluntarily or pursuant to a subpoena, may designate as Confidential any material or portion thereof that it reasonably and in good faith believes consists of:

(a) previously non-disclosed financial information and Defendants' clients' information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, sale margins, Sobo & Sobo LLP's clients' names and contact information, case values, and settlement numbers);

(b) previously non-disclosed material relating to ownership or control of any non-public company;

(c) previously non-disclosed business plans, product-development information, or marketing plans;

(d) commercial data, such as confidentiality or proprietary commercial or business information;

(e) any information of a personal or intimate nature regarding any individual, including, but not limited to, Sobo & Sobo LLP's No Fault or other similar claim numbers, personal identifiers, financial information, tax records, and employer personnel records;

(f) Medical and legal records, including medical files and reports;

   (g)  Privileged attorney-client communications, communications between Sobo & Sobo LLP and its clients or between Sobo & Sobo LLP's present or past employees regarding the firm's clients' cases; or

   (h)  any other category of information this Court subsequently affords confidential status.

  3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility (or, if the Discovery Material is produced in a form not appropriate for such stamping or marking, by notifying the other Parties in writing at the time of production that the Discovery Material is Confidential; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

  4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that

person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; (c) a waiver of any proprietary or other rights to or in any Confidential information; (d) a limitation on counsel's right to render advice to the Party or Parties whom counsel represents in this litigation and, in the course thereof, relying upon any Confidential information; (e) a limitation on a Producing Party's right to make use of its own Confidential information; or (f) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a) the Parties to this action, their insurers, and counsel to their insurers;

    (b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this

matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(c), 7(d), 7(f) or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms.

9. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating

with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court.

10. This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder.

11. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose including any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

12. A party who seeks to file with the Court: (i) any deposition transcripts, exhibits, answers to interrogatories or other documents which have previously been designated as comprising or containing Confidential Discovery Material, or (ii) any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Discovery Material will seek written permission of the Producing Party to file the material without sealing it or in redacted form by sending written notice of the intent to file such material no less than seven business days prior to day on which the Confidential Discovery Material is scheduled to be filed. The Producing Party shall provide a written response to the request within two business days of receipt. In the event the filing party does not seek permission to file Confidential Discovery Material in advance of the filing in accordance with the procedures set forth above or

the Producing Party declines to grant permission to file the Confidential Discovery Material, the filing party shall follow the Court's procedures for requests for filing under seal.

13. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 2(C) of this Court's Individual Rules of Practice in Civil Cases.

14. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and, by email sent contemporaneously with the public filing of the redacted copy, opposing counsel with unredacted courtesy copies of the Confidential Court Submission. In accordance with Rule 4(A) of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve

7

higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

15. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. The inadvertent production of Discovery Materials containing information protected from disclosure by the attorney-client privilege, work-product doctrine or any other privilege or immunity shall not constitute, and shall not be used as a basis for claiming, a waiver of such privilege or protection, and shall be without prejudice to the right of any Party to claim that such Discovery Materials are protected from disclosure. The Producing Party may request the return or destruction of such Discovery Materials, provided that the Producing Party asserts the privilege within seven days after discovering the inadvertent delivery of such Discovery Materials. In the event of any dispute with respect to whether such Discovery Materials are protected from disclosure, the Party claiming that such Discovery Materials are protected from

disclosure must notify all Parties in writing of the nature of the claim, including specifically identifying the Discovery Materials at issue. The Parties shall then confer in good faith as to whether such Discovery Materials are protected from disclosure. If the Parties are unable to reach agreement, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(C) of this Court's Individual Practices. From the time that the Producing Party notifies the other Parties until the issue is resolved by agreement of the Parties or by the Court, the Discovery Materials in question shall be treated as Confidential and also shall not be disclosed to any persons who had not already received it prior to being informed of the inadvertent disclosure.

18. Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

19. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

20. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

*Katerina Housos*
Katerina Housos
Brittany A. Stevens
PHILLIPS & ASSOCIATES
ATTORNEYS AT LAW, PLLC
*Counsel for Plaintiff*

Dated: August 6, 2020

Jennifer Susan Echevarria
ECHEVARRIA LAW PLLC
*Counsel for Defendant SOBO & SOBO LLP*

Dated: August 11, 2020

Thomas John Minotti
*Counsel for Defendant RAYMOND J. IAIA*

Dated: August 19, 2020

SO ORDERED.

Hon. Cathy Seibel, U.S.D.J.
United States District Judge

Dated: August 20, 2020