

# Law Offices of
# Thomas J. Minotti, P.C.
## Attorneys at Law



**1131 Route 55, Suite 6**
**Lagrangeville, New York**
**12540**
**Telephone (845) 570-9300**

**THOMAS J. MINOTTI \***

**CENTRAL FACSIMILE (888) 892-7898**

November 13, 2020

(via e-mail – chambersnysdseibel@nysd.uscourts.gov & ECF)

Hon. Cathy Seibel, USDJ
300 Quarropas Street
White Plains, NY 10601

    Re:    Korajkic v. Sobo & Sobo LLP, et al.
              Case No. 7:20-cv-02749-cs

Your Honor:

I represent defendant, Raymond J. Iaia (hereinafter "Iaia") in the above-referenced case now pending before Your Honor. On November 9, 2020, plaintiff filed a Second Amended Complaint. Defendant, Iaia, requests a pre-motion conference so that he can file a motion to dismiss the fifth cause of action alleged in the Second amended complaint, which seeks to impose liability on Iaia for aiding and abetting his own conduct. The second amended complaint does not allege any new facts and the facts that are plead do not support a cause of action for aiding and abetting under New York State Executive Law §296(6), as liability cannot be imposed on an individual pursuant to §296(6) for aiding and abetting their own conduct.

Plaintiff is relying on *Feingold v. New York*, 366 F.3d 138 (2d Cir. 2004) citing, *Tomka v. Seiler Corp.*, 66 F.3d 1295 (2d Cir. 1995) for the proposition that an individual can be liable for aiding and abetting their own conduct. In 2005, *Feingold*, was examined and rejected by

*Strauss v. N.Y. State Dep't of Educ.*, 26A.D.3d 67, 805 N.Y.S.2d 704, 709 (3d Dept. 2005), holding that an individual cannot aid and abet their own conduct. Similarly, the Second Department in, *Matter of Medical Express Ambulance Corp. v. Kirkland*, 79 A.D.3d 886, 913 N.Y.S.2d 296 (2nd Dept. 2010), held that an individual cannot be held liable under §296(6) for aiding and abetting his own conduct. Since New York state courts have rejected *Feingold* and *Tomka*, the Second Circuit in *Boonmalert v. City of New York*, 721 Fed.Appx. 29 (2018), citing *Strauss v. N.Y.State Dept. of Education*, held that an individual cannot aid and abet their own conduct. Additionally, District Court cases in this District that have followed *Strauss* in rejecting *Feingold* and *Tomka* are; *Cater v. New York*, 316 F.Supp.3d 660, 672 (SDNY 2018); *Pierre V. City of New York*, 2020 WL 353538 (SDNY 2020); *Bliss v. MXK Restaurant Corp.*, 220 F.Supp3d 419, 426 (SDNY 2016); *White v. Pacifica Foundation*, 973 F.Supp.2d 363, 378 (SDNY 2013); *Caravantes v. 53rd Street Partners, LLC*, 2012 WL 3631276 (SDNY 2012).

There are no facts plead by plaintiff in her proposed second amended complaint that allege Iaia aided and abetted anyone's conduct other than his own and as such there can be no individual liability against Iaia pursuant to New York State Executive Law §296(6).

Very truly yours,

*/s/ **Thomas J. Minotti***

Thomas J. Minotti

cc:

Phillips & Associates *(via ECF & e-mail)*
45 Broadway, Ste. 620
New York, NY 10006

Eschevarria Law, PLLC  *(via ECF & e-mail)*
PO Box 1053
Warwick, NY 10990