# Law Office of Raymond J. Iaia

42 Catharine Street, Suite 108<br>
Poughkeepsie, New York 12601<br>
(845) 379-1917<br>
Raymond@RJILawyer.com

---

January 26, 2021

Hon. Cathy Seibel, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:  Korajkic v. Sobo & Sobo LLP, *et al.*
     Case No. 7:20-cv-02749-cs

> I am not clear on what these documents are, why they are relevant, or why digital copies are discoverable when hard copies have already been provided. In any event, there is no point in continuing discovery if Plaintiff is discontinuing the case. So I will sign the stipulation of voluntary dismissal.
>
> SO ORDERED.
>
> *Cathy Seibel*  1/27/21
> CATHY SEIBEL, U.S.D.J.

Your Honor:

Kindly accept this correspondence in response to Your Honor's Order dated January 25, 2021 concerning Document number 65, "PROPOSED STIPULATION AND ORDER" filed by counsel for plaintiff.

It is respectfully requested that the Court <u>not</u> "So Order" the document due to outstanding discovery. On December 2, 2020, counsel for plaintiff was served with a demand for the following items, which demand remains outstanding with no response.

1. Produce digital/electronic copies of all photographs identified as Korajkic Confidential bates stamped 005-027 produced by plaintiff during discovery in this action.

2. Produce digital/electronic copies of Korajkic Confidential bates stamped 129-141 produced by plaintiff during discovery in this action.

The above demand seeks digital files of documents already served by plaintiff in hard-copy only. The items sought depict non-party women, their children, and their private correspondence. The persons depicted are identifiable as their first and last names are visible.

Irrespective of Your Honor's decision regarding Document No. 65, this letter shall serve as **NOTICE** to all parties in this action, their employees, agents, attorneys, and staff, to preserve any photographs, documents, communications, and any other information, both tangible and electronically stored which concern any of the claims or defenses in the subject litigation including sources of the aforementioned information, including but not limited to, cameras (digital and non-digital), e-mails, text messages, cellular phones, tablets, and any other device containing information which concern any of the claims or defenses in the subject litigation.

Thank you for your kind consideration of the foregoing.

Respectfully submitted,

Raymond J. Iaia